UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DA VAN HA,<br><br>               Petitioner,<br><br>          v.<br><br>ANTONE MONIZ, in his official capacity as Superintendent, Plymouth County Correctional Facility,<br>DAVID T. WESLING, in his official capacity as Acting Filed Office Director of U.S. Immigration and Customs Enforcement,<br>TODD LYONS, in his official capacity as Acting Director of U.S. Immigrations and Customs Enforcement,<br>MARKWAYNE MULLIN, in his official capacity as U.S. Secretary of Homeland Security,<br><br>               Respondents. | CIVIL ACTION<br>NO. 26-11381-WGY |

YOUNG, D.J.                                            May 5, 2026

**MEMORANDUM & ORDER**

## I.      INTRODUCTION

Before the Court is Petitioner Da Van Ha's ("Ha") Petition for a Writ of Habeas Corpus ("Pet." or "Petition"), ECF No. 1. Petitioner alleges his detention violates 8 U.S.C. § 1231(a)(6), and its implementing regulation 8 C.F.R. § 241.13, id. ¶ 51, as well as the Fifth Amendment Due Process, id. ¶¶ 57, 66, seeking

immediate release subject to the conditions of the revoked order of supervision.  For the reasons stated below, additional briefing is requested.

## II.  PROCEDURAL HISTORY

Ha filed his Petition on March 20, 2026.  On March 30, 2026, Respondents filed their response, Resp'ts' Opp'n Pet'r's Pet. Writ Habeas Corpus ("Resp."), ECF No. 6.

The Court held a hearing on April 2, 2026. See Elec. Clerk's Notes, ECF No. 10.  Following the hearing, Respondents filed an additional supplemental filing, Resp'ts' Supp. Filing Resp. ECF 10, ECF No. 11.  Ha filed a Reply on April 9. 2026. Rep. Supp. Pet. Write Habeas Corpus, ECF No. 12.

## III. Facts

The following facts are undisputed for purposes of this petition.  Ha, born in 1961, entered the United States sometime in 1992 or 1993[1] as a refugee, after experiencing "terrible hardships as a child in Vietnam."  Pet. ¶ 2.  He became a lawful permanent resident.  Id.  In December 2008, Ha was ordered removed, following an aggravated felony conviction that same

---

[1] According to Resp., Ex. 1, Decl. Acting Assistant Field Office Director Brian E. Sullivan ("Decl. Sullivan") ¶ 7, ECF No. 6-1, the entry happened on or about June 23, 1993.

[2]

year.  Id. ¶ 24; Decl. Sullivan ¶¶ 8-11.  Ha's removal could not be effectuated, however.  Pet. ¶ 24.  He was eventually released from ICE custody in March 2009 on an Order of Supervision ("OSUP").  Id.; Decl. Sullivan ¶ 12.

In 2020, the Department of Homeland Security ("DHS") entered into a Memorandum of Understanding with the Ministry of Public Security of the Socialist Republic of Vietnam "to establish procedures on the prompt and orderly acceptance of Vietnamese citizens who have been ordered removed by U.S. Competent authority and who arrived in the United States before July 12, 1992, the date on which diplomatic relations were established between the United States and Viet Nam."  Resp'ts' Suppl. Filing Resp. ECF No. 11, Ex. 3, Memorandum of Understanding ("MOU") 1.

In June 2025, Immigration and Customs Enforcement ("ICE") rescinded guidance that there is no significant likelihood of removal in the reasonably foreseeable future to Vietnam.  Decl. Sullivan ¶ 20.  Citing increased cooperation between the governments of Vietnam and the United States, ICE represents that it determined that such significant likelihood now exists. Id.

Ha was detained by the ICE on December 8, 2025, at a routine check-in, and is currently being held in Plymouth County Correctional Facility, MA.  Pet. ¶¶ 1, 7, 27.  Ha was, at the

[3]

time of this detention, in compliance with his OSUP. Id. ICE did not have travel documents ready for Ha to effectuate his removal to Vietnam at that time, id. ¶¶ 7-11; the agency did issue a request to the government of Vietnam until March 11, 2026. Decl. Sullivan ¶ 14. Ha's custody status has been reviewed twice and ICE decided to continue his detention both times. Resp., Ex. 3, Decision Continue Detention ("March 2, 2026 Decision"); Second Decl. Irene C. Freidel, Ex. 1, Decision Continue Detention ("March 30, 2026 Decision"), ECF No. 13-1.

## IV.  DISCUSSION

Ha claims his detention violates "[s]ection 241(a)(6) of INA, 8 U.S.C. 1231(a)(6), and its implementing regulation 8 C.F.R. § 241.13," Pet. ¶ 51, because his OSUP has been revoked improperly, his detention is not reasonably required to ensure his compliance with the terms of his OSUP, and his removal from the United States cannot be effectuated promptly. Id. ¶¶ 52-53. Furthermore, he alleges Fifth Amendment substantive and procedural due process violations. Id. ¶¶ 58-59, 66. Ha asks to be ordered released, and granted any "other further relief that the Court deems just and proper." Id. at 16.

### A.  Regulatory Framework

It is against the backdrop of these regulations that Ha challenges the OSUP revocation, claiming that ICE has failed to follow the provisions of 8 C.F.R. § 241.13. Pet. ¶¶ 35-36.

[4]

Respondents argue, however, that the revocation falls within the requirements of either 8 C.F.R. § 241.4 **or** § 241.13. Resp. 8.

This Court recognizes that both rules are intertwined. Section 241.13, in parts related to its scope and applicability, explains that:

> [t]his section establishes special review procedures for those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at § 241.4 after the expiration of the removal period, where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future,

and that

> Section 241.4 shall continue to govern the detention of aliens under a final order of removal, including aliens who have requested a review of the likelihood of their removal under this section, **unless the Service makes a determination under this section that there is no significant likelihood of removal in the reasonably foreseeable future.**

8 C.F.R. §§ 241.13(a),(b)(1) (emphasis added).

Consistent with the above, 8 C.F.R. § 241.4 states that

> [t]he custody review procedures in this section do not apply after the Service has made a determination, pursuant to the procedures provided in 8 CFR 241.13, that there is no significant likelihood that an alien under a final order of removal can be removed in the reasonably foreseeable future. However, if the Service subsequently determines, **because of a change of circumstances,** that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future **to the country to which the alien was ordered removed or to a third country,** the alien shall again be subject to the custody review procedures under this section.

[5]

8 C.F.R. § 241.4(b)(4) (emphasis added).

Accordingly, once ICE makes a determination that there is no significant likelihood that an alien under a final order of removal can be removed in the reasonably foreseeable future, section 241.13 governs, and it does until such time that there is a determination to the contrary -- only then is an alien subject to section 241.4 custody review procedures again. That latter determination, as per the language of the regulation itself, requires "a change of circumstances." See 8 C.F.R. § 241.13(i)(2); Kong v. United States, 62 F.4th 608, 620 n. 12 (1st Cir. 2023); Munagi v. McDonald, No. CV 25-13175-NMG, 2025 WL 3688023, at *2 (D. Mass. Dec. 19, 2025) (Gorton, J.). The First Circuit in Kong restated that a decision to re-detain a noncitizen after such a finding requires "(1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future." Kong, 62 F.4th at 619-20 (citing 8 C.F.R. § 241.13(i)(2)). It is not for the Court in the first instance to make the required individualized finding. Id. at 620. Only "[t]o the extent ICE claims that it made such a determination, the court should review that claim in light of the regulations instructing ICE on how it should make such a

[6]

determination." <u>Kong</u>, 62 F.4th at 620 (citing 8 C.F.R. §§ 241.13(f)(i)(2)).

For the detention to fall within the purview of section 241.13 at all, however, ICE needs to make the first determination that there is no significant likelihood that the noncitizen will be removed in the reasonably foreseeable future. How this determination is to be made is likewise covered in detail by section 241.13. It describes how the process of review under this section is initiated "in response to a request from a detained alien," and how it concludes with ICE's issuance of a written decision, which should be provided to the noncitizen. § 241.13(d)-(g).

**B.    Additional Briefing**

Because the following issues were not briefed in detail by either party, the Court orders additional briefing on the following issues:

(1)    Did the Service's violation of the assertion in the OSUP that Ha would be "given the opportunity for an orderly departure" constitute a violation of Procedural Due Process under the Fifth Amendment of the United States Constitution?

(2)    Did the Service's utilization of an Acting Field Office Director to revoke Ha's OSUP constitute a violation of

Procedural Due Process under the Fifth Amendment of the United States Constitution?

(3)    The parties are to provide a detailed Joint Status Report as to what steps, if any, have been taken to secure Ha's travel documents since the March 11, 2026 request to the Vietnamese government.

**SO ORDERED.**

William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[2]

---

[2] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents.  Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 48 years.